## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Kelly Bruce Goggleye, Sr., | Case No. 16-cv-2739 (JNE/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota | |
| Respondent. | |

Kelly Bruce Goggleye, Sr., No. 205237, MCF Rush City, 7600 525th Street, Rush City, MN 55069 (pro se Petitioner); and

Jonathan D. Holets, Assistant County Attorney, St. Louis County Attorney's Office, St. Louis County Courthouse, 100 North Fifth Avenue West, Room 501, Duluth, MN 55802-1298 (for Respondent).

## I.   INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on pro se Petitioner Kelly Bruce Goggleye, Sr.'s Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") (ECF No. 1). Respondent State of Minnesota is represented by Assistant County Attorney Jonathan D. Holets. This action has been referred to the undersigned magistrate judge for a report and recommendation to the Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends that the habeas petition be **DENIED** and this action be **DISMISSED WITH PREJUDICE**.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Between August 2006 and February 2009, Petitioner was in a relationship with A.H. *State v. Goggleye*, No. A15–0125, 2016 WL 102493, at *1 (Minn. Ct. App. Jan. 11, 2016). At the time of their relationship, A.H. had two children, M.H. and R.C. *Id.* "M.H. turned four years old in late August 2006." *Id.*

In June 2013, M.H. revealed to a mental-health practitioner that she had been raped by Petitioner. *Id.* M.H. repeated these allegations to a social worker one week later. *See id.* M.H. additionally reported that Petitioner raped her on multiple occasions and "might have touched her butt with his penis and his hands." *Id.* In a session with a psychotherapist, M.H. reported that Petitioner had sex with her, put his finger in her vagina, and "'would rub his penis between her buttocks and then make her lie on top of him and his sperm would come.'" *Id.*

### A. State Court Proceedings

Petitioner was charged with three counts of first-degree criminal sexual conduct in violation of Minn. Stat. § 609.342.[1] *Id.*; Resp't's Answer to Pet'r's Pet. for Writ of Habeas Corpus, ECF No. 5 at 1 ("Answer").[2] At trial, M.H. testified that Petitioner had abused her more than 20 times during the time that Petitioner was dating A.H. *See Goggleye*, 2016 WL 102493, at *1. The jury also heard evidence that Petitioner had been

---

[1] The State charged Petitioner with the following: (1) Minn. Stat. § 609.342, subd. 1(a) (sexual penetration or contact where complainant is under 13 years old and actor is more than 36 months older); (2) Minn. Stat. § 609.342, subd. 1(g) (sexual penetration or contact where complainant is under 16 years old and actor had significant relationship to complainant at time of conduct); and (3) Minn. Stat. § 609.342, subd. 1(h)(iii) (sexual penetration or contact where complainant is under 16 years old, actor had significant relationship to complainant at time of conduct, and abuse involved multiple acts committed over an extended period of time).

[2] For consistency, the Court refers to the ECF pagination of the documents in the record.

2

dating A.H. for over two years, during which time he would regularly sleep at A.H.'s house and supervise M.H. *Id.* at *4. Furthermore, the mental-health practitioner, social worker, and psychotherapist provided testimony that supported M.H.'s allegations. *Id.* The jury found Petitioner guilty of all three counts. *Id.* at *2; Answer at 2. The state district court subsequently entered convictions on each count and sentenced Petitioner to 360 months in prison. *Goggleye*, 2016 WL 102493, at *2; Answer at 2. Although convictions were entered on each of the three counts, the district court noted that the sentence applied only to the first count: violation of Minn. Stat. § 609.342, subd. 1(a). *Goggleye*, 2016 WL 102493, at *2; Answer at 2.

Petitioner subsequently appealed to the Minnesota Court of Appeals. *Goggleye*, 2016 WL 102493, at *2; Answer at 2. In his appellate brief, Petitioner advanced three primary arguments. First, Petitioner argued that the evidence submitted at trial was insufficient to support his convictions due to, *inter alia*, M.H.'s inability to provide specific information about the alleged conduct and a lack of corroborating evidence, including physical evidence. ECF No. 5-4 at 16-25. Second, Petitioner claimed that he was not given a fair trial, contending that a witness improperly vouched for the truthfulness of M.H.'s testimony. *Id.* at 26-30. Finally, Petitioner argued that the district court improperly "convicted" him of all three counts based on the same criminal act. *Id.* at 31-32.

The Minnesota Court of Appeals rejected Petitioner's first two arguments, reasoning that the evidence was sufficient to support Petitioner's convictions and the vouching testimony amounted to harmless error. *Goggleye*, 2016 WL 102493, at *3-7.

3

The case was remanded, however, on the sentencing issue with instructions to vacate the judgment of conviction on the first and second counts. *Id.* at *8. The Minnesota Court of Appeals reasoned that the first and third counts were "based on the same unitary course of conduct," and the third count (multiple acts of sexual conduct) necessarily included proof of the second count (single act of sexual conduct). *Id.*

Petitioner filed a petition for further review with the Minnesota Supreme Court. ECF No. 5-5. Petitioner once again challenged the sufficiency of the evidence, including a lack of physical evidence, *id.* at 6-7, and improper vouching testimony, *id.* at 7-8. The Minnesota Supreme Court denied further review on March 29, 2016. *State v. Goggleye*, No. A15–0125 (Minn. Mar. 29, 2016); ECF No. 5-9; Answer at 2.

### B. Federal Habeas Proceedings

On August 15, 2016, Petitioner filed the current Petition under 28 U.S.C. § 2254. Pet. at 1.[3] In the Petition, Petitioner identifies two purported grounds for relief. *See id.* at 5, 7. Construing these claims liberally, however, it appears that Petitioner has raised four grounds for relief—all of which relate to the sufficiency of the evidence against him. Briefly summarized, these grounds are as follows:

> **Ground 1:** The evidence submitted at trial was insufficient to prove Petitioner's guilt beyond a reasonable doubt because "DNA testing was not done." *Id.* at 5.
>
> **Ground 2:** The evidence submitted at trial was insufficient to prove Petitioner's guilt beyond a reasonable doubt because previous doctor's appointments did not exhibit "signs of [M.H.'s] hymen being torn," thus M.H.'s claims were not corroborated. *Id.*

---

[3] This case was subsequently reassigned to the undersigned due to the retirement of United States Magistrate Judge Janie S. Mayeron. (ECF No. 6.)

4

**Ground 3:** The evidence submitted at trial was insufficient to prove Petitioner's guilt beyond a reasonable doubt because M.H. had a source of sexual knowledge independent from Petitioner. *Id.*

**Ground 4:** Petitioner was in Ohio during the events in question, and this was not taken into consideration. *Id.* at 5, 7.

For the reasons discussed below, this Court finds that Petitioner is not entitled to habeas relief on any of these four grounds.

### III.   ANALYSIS

#### A.   Exhaustion of State Remedies

A state prisoner may seek a writ of habeas corpus in federal court on the ground that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). But, in order for such relief to be granted, the state prisoner first must show that he "has exhausted the remedies available" in the state courts. *Id.* § 2254(b)(1)(A). To satisfy this exhaustion requirement, the state prisoner "must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review)" in a manner that alerts the court to the claim's federal nature and gives "the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and quotations omitted); *accord O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

"A petitioner must present *both* the *factual and legal* premises of his claims to the state courts in order to exhaust the claims properly." *Dansby v. Hobbs*, 766 F.3d 809, 823 (8th Cir. 2014) (emphasis in original) (quotation omitted). "In order to fairly present a claim, a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015) (quotation omitted); *accord Murphy v. King*, 652 F.3d 845, 849 (8th Cir. 2011). The fair-presentation requirement is not met when the ground for habeas relief is merely similar to a claim raised in the state courts. *Nash*, 807 F.3d at 898.

For claims that have not been fairly presented, a federal court must then determine if those claims are unexhausted or procedurally defaulted. A claim is unexhausted if state law allows the petitioner to raise the claim by any available state court procedure. *See* 28 U.S.C. § 2254(c). In the case of an unexhausted claim, "the federal habeas court must defer action until the claim is exhausted, either by dismissing the federal petition without prejudice or by using the 'stay and abeyance' procedure . . . ." *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005).

If a petitioner has not fairly presented his claims in state court *and* a state procedural rule precludes further litigation of the claims, those claims are procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996) ("If a prisoner has not presented his habeas claims to the state court, the claims are defaulted if a state procedural rule precludes him from raising the issues now."). In Minnesota, "where direct appeal has once been taken, all matters

raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976). Thus, Minnesota law provides a procedural rule that denies further litigation of claims that could have been raised on direct appeal. *Murphy*, 652 F.3d at 849–50. This rule "bars not only claims that were known at the time of direct appeal, but also claims that *should have* been known." *Sontoya v. State*, 829 N.W.2d 602, 604 (Minn. 2013) (citing *Knaffla*, 243 N.W.2d at 741). There are two limited exceptions: (1) if a claim's "novelty [is] so great that its legal basis was not reasonably available when direct appeal was taken," or (2) "when fairness so requires and . . . the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal." *Townsend v. State*, 723 N.W.2d 14, 18 (Minn. 2006) (quotations and citations omitted); *accord Murphy*, 652 F.3d at 849.

Procedurally defaulted claims are generally barred from federal habeas review. *Coleman*, 501 U.S. at 750. The merits of a procedurally barred claim will be addressed by a federal court only when one of two narrow exceptions applies: (1) where the state "prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) where the state prisoner can "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.*; *see also McCall v. Benson*, 114 F.3d 754, 758 (8th Cir. 1997). If neither of these exceptions applies, the merits of a procedurally defaulted claim will not be entertained by a federal court. *See, e.g.*, *Murphy*, 652 F.3d at 850 (declining to excuse petitioner's procedurally defaulted claims for failure to establish either of the procedural bar exceptions).

## B. Procedurally Defaulted Claims: Grounds 1 (Absence of DNA Testing) and 4 (Time of Offenses)

In Ground 1, Petitioner argues that the evidence submitted at trial was insufficient to prove his guilt beyond a reasonable doubt because "DNA testing was not done."[4] Pet. at 5. Ground 4 concerns evidence regarding the dates of the offenses. *Id.* at 5, 7. First, Petitioner contends that he "was not able to have dates clarified even though they were wrongly stated by mother of victim." *Id.* at 5. Second, Petitioner argues that "[t]he dates given are not correct. I was in Sandusky, Ohio at the time [M.H.] states this was supposed to have happened. There is no way this happened then, I was out of the State of Minnesota. That was not taken into consideration." *Id.* at 7.

Grounds 1 and Ground 4 were not presented to the Minnesota Court of Appeals on direct review or to the Minnesota Supreme Court in the petition for further review. A federal court cannot entertain a habeas corpus petition unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Because Petitioner failed to present Grounds 1 and 4 fairly to the state courts, he has failed to exhaust his administrative remedies.

Since Petitioner failed to exhaust Grounds 1 and 4, this Court next considers whether Petitioner is still able to present these claims in state court. Stated differently, this Court must determine whether there is "an independent and adequate state procedural rule" that precludes the further litigation of these claims. *See Coleman*, 501 U.S. at 750. Because Petitioner took a direct appeal, Minnesota's *Knaffla* rule bars Petitioner from

---

[4] This Court construes Ground 1 as a distinct claim from Petitioner's claim regarding the lack of corroborating physical evidence in Ground 2, and therefore discusses them separately.

8

raising these claims unless he can meet one of the applicable exceptions. *See Murphy*, 652 F.3d at 849; *Sontoya*, 829 N.W.2d at 604; *Knaffla*, 243 N.W.2d at 741. Here, Petitioner has not demonstrated that there is a novel legal basis for these claims; nor do the interests of justice so require that the procedural bar be excused. *See Townsend*, 723 N.W.2d at 18. Petitioner has not provided any evidence to suggest that these claims were not known (or knowable) during the state proceedings, and he has not attempted to explain why he did not raise these claims previously. Accordingly, these claims are procedurally defaulted. *See Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) ("A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims.") (citing *O'Sullivan*, 526 U.S. at 848); *see also Murphy*, 652 F.3d at 850.

As Grounds 1 and 4 of the Petition are procedurally defaulted, habeas review is barred unless Petitioner has "demonstrate[d] cause for the default and actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *Murphy*, 652 F.3d at 850. As for the "cause" exception, a state prisoner must show that the cause is "something *external* to the petitioner, something that cannot fairly be attributed to him . . . ." *Coleman*, 501 U.S. at 753. Petitioner has not made any argument demonstrating cause for the default. The bases of Grounds 1 and 4 were available to Petitioner at the time of his direct appeal, and he did not raise them at that time. Since Petitioner cannot satisfy the "cause" component, this Court need not consider the "prejudice" component. *Ashker v. Class*, 152 F.3d 863, 871 (8th Cir. 1998) (when

9

petitioner "has not shown adequate cause to overcome the procedural bar . . . we need not consider the issue of actual prejudice").

Similarly, Petitioner does not satisfy the "miscarriage of justice" exception. This exception is only available upon a "showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). A credible claim under this standard "requires [a] petitioner to support his allegations of constitutional error with new reliable evidence . . . ." *Schlup*, 513 U.S. at 324. Petitioner has not identified any new evidence with respect to either ground. Furthermore, any evidence that Petitioner was not in Minnesota during the events in question is not new evidence and would have been available to Petitioner at the time of trial and his direct appeal. Accordingly, Petitioner has failed to show that the "miscarriage of justice" exception is applicable.

In sum, this Court finds that Grounds 1 and 4 of the Petition are procedurally defaulted because Petitioner failed to present these claims to the state courts and the *Knaffla* rule bars further litigation of these claims. Additionally, Petitioner has not demonstrated cause for the default. Nor has he demonstrated that failure to consider these claims will result in a fundamental miscarriage of justice. Because neither of these two exceptions applies, these claims cannot be addressed on the merits and must be summarily denied.

### C.  Remaining Claims: Grounds 2 (Absence of Physical Corroboration) and 3 (Independent Source of Knowledge)

In Ground 2, Petitioner argues that the evidence submitted at trial was insufficient to prove his guilt beyond a reasonable doubt because "M.H. had seen doctor over 20 times and no signs of [her] hymen being torn were found." Pet. at 5. In Ground 3, Petitioner argues that the evidence submitted at trial was insufficient to prove his guilt beyond a reasonable doubt because M.H. "walked in on her mother watching a dirty movie," and A.H. "explained to [M.H.] what was happening in the movie." *Id.* In other words, M.H. had a source of sexual knowledge independent from Petitioner. Both Grounds 2 and 3 were fairly presented on direct appeal and properly exhausted in state court proceedings, ECF No. 5-4, at 15, 19, 21–23; ECF No. 5-5, at 5–6, and are therefore entitled to an analysis on the merits.

### 1.  Federal Habeas Review

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits habeas review to adjudications that:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Nash*, 807 F.3d at 896.

A state-court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a

11

question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court unreasonably applies clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* When deciding whether a state court decision unreasonably applied clearly established federal law, a federal habeas court should ask whether the state court's application was "objectively unreasonable." *Id.* at 409. In other words, it is not enough that a "state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

A writ of habeas corpus may also be granted if the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). When reviewing a state court conviction, the state court's factual determinations are accorded substantial deference. *See* 28 U.S.C. § 2254(e)(1); *Lee v. Gammon*, 222 F.3d 441, 442 (8th Cir. 2000) ("In reviewing a state conviction, a federal court also presumes that the state court's factual determinations are correct . . . ."). "An applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Absent a claim that falls within the parameters of 28 U.S.C. § 2254(d), a habeas corpus petition will not prevail.

## 2. Sufficiency of the Evidence & Due Process

"The Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 309 (1979). The standard of proof beyond a reasonable doubt "is an essential of Fourth Amendment due process." *Id.* at 318; *see also id.* at 316, 321. "Under *Jackson*, a habeas petitioner is entitled to relief if [the court] conclude[s] 'that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" *Nash*, 807 F.3d at 897 (quoting 443 U.S. at 324). "In applying this standard, [courts] do not re-weigh the evidence, and . . . must resolve inconsistencies in favor of the prosecution." *Id.* (citing *Jackson*, 443 U.S. at 319). "[A] state-court decision rejecting a sufficiency challenge may not be overturned on federal habeas unless the 'decision was objectively unreasonable.'" *Parker v. Matthews*, 132 S. Ct. 2148, 2152 (2012) (per curiam) (quoting *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam)) (internal quotation marks omitted). The Supreme Court has characterized this

> standard of review as "twice-deferential" because (1) under *Jackson v. Virginia*, the state court must be deferential to a jury's verdict when an insufficiency-of-the-evidence claim is reviewed on direct appeal, and (2) under AEDPA, a federal court must be deferential to the state court's resolution of an insufficiency-of-the-evidence claim in a § 2254 habeas corpus proceeding.

*Maxwell v. Gau*, No. 12-cv-1770 (ADM/TNL), 2014 WL 1371912, at *18 (D. Minn. Apr. 8, 2014) (citing *Parker*, 132 S. Ct. at 2152).

### a. Ground 2: Absence of Physical Corroboration

Petitioner argues that M.H.'s claims were not corroborated by physical evidence, specifically that there were "no signs of [M.H.'s] hymen being torn" after more than twenty visits to a doctor. Pet. at 5. In essence, Petitioner is arguing that, without this physical evidence, the evidence at trial did not corroborate M.H.'s testimony and was insufficient to support his convictions for first-degree criminal sexual conduct.

Petitioner was charged with three counts of first-degree criminal sexual conduct. Collectively, the counts required the prosecution to prove (1) M.H. was under 13 years of age[5] at the time of the offenses; (2) Petitioner was more than 36 months older than M.H.; (3) Petitioner had a significant relationship to M.H.; (4) Petitioner engaged in sexual contact with M.H.; and (5) the sexual abuse involved multiple acts over an extended period of time. *See* Minn. Stat. § 609.342, subd. 1(a), (g), (h)(iii). In concluding that the evidence was sufficient to sustain Petitioner's convictions, the Minnesota Court of Appeals pointed to the following evidence: "M.H. agreed that [Petitioner] touched her vagina with his penis more than 20 times, and she stated that he put his finger inside her vagina"; M.H. was less than 13 years old at the time of the incidents; Petitioner "had a significant relationship with M.H. because he dated [her mother] for over two years, regularly slept at [her mother's] house, and supervised M.H. while [her mother] was absent"; and the testimony of the mental-health practitioner, social worker, and psychotherapist all supported M.H.'s accusations. *Goggleye*, 2016 WL 102493, at *4.

---

[5] Two of the counts concerned a complaint "under 16 years of age" at the time of the offense. Minn. Stat. § 609.342, subd. 1(g), (h)(iii). The remaining count concerned a complainant "under 13 years of age" at the time of the offense. Proving M.H. was under 13 years of age necessarily also proves that she was under 16 years of age, and so the Court uses "under 13 years" of age when discussing all three counts.

14

Based on the foregoing, the Minnesota Court of Appeals held that "the jury could reasonably conclude that [Petitioner] was guilty of the charged offenses." *Id.*

The conclusion of the Minnesota Court of Appeals was neither incorrect nor objectively unreasonable based on the evidence in the record. *See Nash*, 807 F.3d at 898. "*Jackson* leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic facts to ultimate facts.'" *Coleman v. Johnson*, 132 S. Ct. 2060, 2064 (2012) (per curiam) (citing 443 U.S. at 319). When viewing the evidence in the light most favorable to the prosecution, there is sufficient evidence by which a rational trier of fact could have found proof of Petitioner's guilt beyond a reasonable doubt as to the elements of the charged offenses without the type of corroborating physical evidence Petitioner complains was lacking. *See Jackson*, 443 U.S. at 319; *Nash*, 807 F.3d at 898.

Moreover, as the Minnesota Court of Appeals recognized, Minnesota law does not require corroboration of a victim's testimony in a first-degree criminal sexual conduct prosecution. *Goggleye*, 2016 WL 102493, at *4-5; *see* Minn. Stat. § 609.347, subd. 1. ("In a prosecution . . . [involving criminal sexual conduct in the first degree], the testimony of a victim need not be corroborated."); *State v. Myers*, 359 N.W.2d 604, 608 (Minn. 1984) ("Corroboration of an allegation of sexual abuse of a child is required only if the evidence otherwise adduced is insufficient to sustain conviction."). Because the evidence was sufficient to support Petitioner's convictions, the Minnesota Court of Appeals correctly concluded that corroborating evidence—whether of the type Petitioner complains was lacking or some other—was not necessary. *Goggleye*, 2016 WL 102493,

at *5. And, even if corroborating evidence were necessary to support Petitioner's convictions, the Minnesota Court of Appeals reasonably determined that "M.H.'s claims were corroborated by her out-of-court statements, [Petitioner's] opportunity to commit the crimes, and the testimony of . . . other witnesses." *Id.*

A federal court "must deny a writ [of habeas corpus] . . . so long as [a state court's] decision is reasonable in view of all the circumstances." *May v. Iowa*, 251 F.3d 713, 716 (8th Cir. 2001) (citing *Williams*, 529 U.S. at 409–13). Here, the jury was presented with a number of pieces of evidence that supported the guilty verdict. Viewing this evidence in the light most favorable to the prosecution, the Minnesota Court of Appeals' conclusion that the evidence was sufficient to support Petitioner's convictions was not objectively unreasonable. Because the evidence was constitutionally sufficient to support Petitioner's convictions, Petitioner is not entitled to habeas relief on Ground 2.

### b. Ground 4: Independent Source of Knowledge

In Ground 4, Petitioner argues that M.H. "walked in on her mother watching a dirty movie" and "her mother explained to her what was happening in the movie." Pet. at 5. Petitioner argues that M.H. therefore had a source of sexual knowledge independent from the sexual abuse. The Minnesota Court of Appeals determined that this claim went "to the weight of the evidence and witness credibility," and it would "not reweigh the evidence or assess witness credibility" on appeal. *Goggleye*, 2016 WL 102493, at *4.

At bottom, Petitioner is now asking this Court to weigh the credibility of M.H.'s testimony. Determining witness credibility, however, is properly within the domain of the jury, not the court. *Cavazos*, 565 U.S. at 2 ("[I]t is the responsibility of the jury—not the

court—to decide what conclusions should be drawn from evidence admitted at trial."); *Maxwell*, 2014 WL 1371912, at *19 ("It is, however, well settled that the credibility of witnesses must be determined by juries, not judges."). "A habeas petitioner cannot be granted relief on an insufficiency of the evidence claim that beseeches a federal court to assess independently the credibility of prosecution witnesses." *Maxwell*, 2014 WL 1371912, at *19. Federal courts do not reweigh the evidence in determining whether the evidence was constitutionally sufficient to support a conviction. *Nash*, 807 F.3d at 897. Accordingly, Petitioner cannot obtain habeas relief on the basis that he believes the jury should not have credited M.H.'s testimony. *See Maxwell*, 2014 WL 1371912, at *19.

### c. Summary

In order to obtain habeas relief from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Petitioner has not shown that it was objectively unreasonable for the Minnesota Court of Appeals to conclude that a jury could reasonably find that Petitioner was guilty. Accordingly, Petitioner is not entitled to habeas relief on either Ground 2 or Ground 4, and his challenges to the sufficiency of the evidence must be denied.

### IV. CERTIFICATE OF APPEALABILITY

A habeas corpus petitioner filing a petition under 28 U.S.C. § 2254 cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). A Certificate of Appealability may be

granted only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to do so, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, it is highly unlikely that any other court would treat Petitioner's current claims for relief differently than they are being treated here. Petitioner has not identified (and this Court cannot discern) anything novel, noteworthy, or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should not be granted a Certificate of Appealability in this matter.

[Continued on next page.]

## V.  RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) be **DENIED**.

2. This action be **DISMISSED WITH PREJUDICE**.

3. Petitioner should **NOT** be granted a Certificate of Appealability.


Date:  May  31  , 2017                    *s/ Tony N. Leung*
                                          Tony N. Leung
                                          United States Magistrate Judge
                                          District of Minnesota

                                          *Goggleye v. State of Minnesota*
                                          Case No. 16-cv-2739 (JNE/TNL)


## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.